In the Matter of Fajardo.

# IN THE MATTER OF ERMELINDO FAJARDO, Bankrupt.

San Juan, Bankruptcy, No. 133.

Bankruptcy—Verification.

1. Objection to composition must be verified, and, if by an attorney, must state why it is not made by the party. But opportunity will be allowed to add proper verification.

Fraud—Facts.

2. An allegation of fraud is demurrable unless facts are stated from which the fraud follows.

Valuation—Tax Assessment.

3. A valuation by the tax authorities is not evidence of value in a civil proceeding between other parties.

Composition—Report of Referee.

4. Where the referee reports favorably on an offer of composition, and no facts are shown in opposition to his finding, the report will be confirmed.

Intervention—New Equity Rule.

5. Anyone claiming an interest in litigation may at any time be permitted to assert his right by intervention, but the intervention is in subordination to and in recognition of the main proceeding. A bondholder, however, cannot under this, without more, intervene to do what the trustee ought to do, or to secure a recognition of himself as bondholder which can properly be secured later in the main case.

Opinion filed March 26, 1915.

*Mr. Frank Antonsanti* for the bankrupt.

*Mr. E. H. F. Dottin* for certain creditors.

In the Matter of Fajardo.

HAMILTON, Judge, delivered the following opinion:

The matter comes on for consideration upon the composition offered by the bankrupt, reported favorably by the referee, and now objected to by certain creditors. It seems that this case follows substantially § 12 of the bankruptcy act as to compositions. There has been a hearing upon the application for composition and the referee has reported favorably. It seems that a majority in number of all the creditors whose claims, have been allowed, which number represents a majority in amount of such claims, have accepted the terms of composition offered, and the money necessary has been deposited with the referee. So the matter comes up now upon the objection of Ceramo et al., represented by E. H. F. Dottin.

1. Objection is made by the majority creditors in the first place to the consideration of the objections because they are not verified by the parties. It is verified by the attorney. It is verified in a form given by Collier (No. 66), not one by the supreme court, that the facts therein stated are true to the best of the party's knowledge, information, and belief. There is a provision, however, that where the verification is made by an attorney, it should state the reason why it is not made by the parties. This verification does not state any reason why. It was stated upon the argument, but it is not contained in the verification. The verification would not be proper, but the court would permit it to be amended, allowing time for it, rather than have the whole matter thrown out; and, application being now made, it will for the purposes of this decision consider it amended.

2. Another objection to the consideration of the composi-

### In the Matter of Fajardo.

tion is that fraud is imperfectly alleged, that the competition has been obtained by fraud. Objection is made that the allegation showing fraud must be set out in any pleading sufficiently to place the party in question on notice of what he is to resist. In regard to this a demurrer should have been filed, or some pleading of the sort interposed if that objection was going to be insisted on. This does set out some facts. It says in the first instance the bankrupt has assets enough to pay a far greater per cent than that offered in the composition, and in the second instance the bankrupt has undervalued part of his assets to the detriment of his creditors. The objection will be overruled. There seems to be enough facts alleged to overcome that particular objection.

3. Now, considering the whole case upon the merits, there has been in this particular hearing before the judge no legal evidence offered. There has been some argument, but there has been no evidence offered except a certificate from the treasury department assessing the property in question at $875, and there is something else added making a total of $900. This is objected to on the ground that it is not competent evidence. The court's attention is called to no section of the Porto Rican or other law of evidence that makes this certificate competent evidence. The point for which it is introduced is to show that the property has been undervalued, that is to say, that the official valuation is about double what it is returned at in the schedules. The question is, Can this certificate prove any such thing? The matter has arisen a number of times in this court in jury trials and the court has always held that the valuation for taxation is not *per se* to be taken as the value of the property for the purposes of trial in this court. The valuation for

In the Matter of Fajardo.

taxation is on some basis which is satisfactory to the local authorities. There may be a means of review, or there may not be a means of review, but there is certainly no means of review furnished on behalf of creditors, and, if that valuation were to be taken as absolute, it would be cutting them off from showing the true value. I do not know that the court could judicially say it knows that these valuations are not strictly correct according to market value, but it is certainly proper to say that they are not always strictly correct as to market value. But the certificate from the treasurer as to what the property is valued at is not proof one way or the other of the value of the property. It is a part of the tendency which I have observed on more than one occasion, to get at the proof of facts by indirect evidence. The actual valuation of the property is the market value, to be shown by witnesses who know it, and not by inference from some collateral proceeding; so the objection to the paper is sustained.

4. Now the question comes up on the facts as reported by the referee. They show that there was a hearing, and that in his opinion, after hearing all the evidence, the offer of composition is to the best interest of the creditors; that the bankrupt has not been guilty of any of the acts or failed to perform any of the duties which would be a bar; that the offer and its acceptance are in good faith, and it has not been made except in accordance with law. The case exactly then is: Here is a proceeding in due form and here is an objection made to findings on facts, without any evidence that can be admitted to overcome the presumption which naturally attaches to proceedings of referees done according to law, not collaterally, but directly, coming before the court. It amounts to this, that here is an

VII. Porto Rico—36.

objection made without sufficient proof or without any legal proof to sustain it. It would amount simply to a review by the court of the proceedings of the referee on facts, without any evidence in opposition to the findings of the referee. In such a case the duty of the court is evident. It would have to confirm the report of the referee. The decision therefore is confirmed.

5. A memorandum has been filed by the intervening creditor, the Fajardo Sugar Company, calling attention to the case of Illinois Steel Co. v. Ramsey, 100 C. C. A. 323, 176 Fed. 863, and also to rule 37 in equity, which says that anyone claiming an interest in the litigation may at any time be permitted to assert his right by intervention, but the intervention shall be in subordination to and in recognition of the propriety of the main proceeding.

I have carefully considered these two citations and they do not change my view of the case. Intervention must be in subordination to the main proceeding. This in the present case is the foreclosure of a mortgage, and, as announced before, I do not think that the claim of the intervener relates to the foreclosure of the mortgage. The Steel Trust Case was a general creditors' bill, or in the nature of a general creditors' bill, where complainant filed a bill seeking to marshal and distribute all the property of the defendant. A creditor sought to intervene and the court held that if he did not intervene there, he could not receive protection anywhere. This case is not of that nature. This is not a creditors' bill, but a bill to foreclose a mortgage, and the intervener is not cut off, as I take it, from any rights that he has. The only question is as to when those rights should be asserted. The intervener thinks that they

should be asserted at the present time in the present suit, but it would seem to the court that the proper conduct of the procedure requires that it should be at another time. So that there is no change of view on the part of the court after considering these authorities very carefully.

It would follow, unless there is something else to be done or said, that the motion in the nature of a demurrer set up in paragraph one of the answer of Welch & Company to this bill in intervention must be granted and the bill dismissed.